UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAN HARDWAY** | : |
| P.O. Box 625 | : |
| Cowen, WV 26206, and | : |
| | : |
| **EDWIN LOPEZ** | : |
| 51 Bellvue Drive | : |
| Rochester, NY 14620, and | : |
| | : |
| **G. ROBERT BLAKEY** | : |
| 7002 East San Miguel Ave. | : |
| Paradise Valley, AZ 85253, and | : |
| | : |
| **THE ASSASSINATION ARCHIVES** | : |
| **AND RESEARCH CENTER,** | : |
| 930 Wayne Ave., Unit 1111 | : |
| Silver Spring, MD 20910, | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| v. | : Civil Action No.  1:17-cv-1433 |
| | : |
| **CENTRAL INTELLIGENCE AGENCY,** | : |
| Washington, D.C. 20505, | : |
| | : |
| **Defendant.** | : |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
[Freedom of Information Act, 5 U.S.C. § 552; and Privacy Act, 5 U.S.C. § 552a; and Declaratory
Judgment Act, 28 U.S. C. § 2201, et seq]

BACKGROUND

1. Plaintiff DAN HARDWAY is currently an attorney engaged in the private practice of law

    in West Virginia and other jurisdictions.

1

2. Plaintiff HARDWAY was employed from July 1977 to December 1978 by the United States House of Representatives Select Committee on Assassinations ("HSCA") as a researcher.  As part of his responsibilities with the HSCA HARDWAY was charged with investigating various activities of the CIA.  As a condition of his employment by the HSCA, HARDWAY was subject to security investigation and review by the CIA.

3. Plaintiff EDWIN LOPEZ is currently an attorney engaged in the private practice of law in New York.

4. Plaintiff LOPEZ was employed from July 1977 to December 1978 by the HSCA as a researcher.  As part of his responsibilities with the HSCA LOPEZ was charged with investigating various activities of the CENTRAL INTELLIGENCE AGENCY ("CIA").  As a condition of his employment by the HSCA, LOPEZ was subject to security investigation and review by the CIA.

5. Plaintiff G. ROBERT BLAKEY is presently retired, having served throughout his career as an attorney in government service and a professor of law at Cornell University Law School and Notre Dame Law School.

6. Plaintiff BLAKEY served as the Chief Counsel and Staff Director of the HSCA from July of 1977 until the dissolution of the HSCA upon completion of its Final Report.  As a condition of his employment by the HSCA, BLAKEY was subject to security investigation and review by the CIA.

7. The ASSASSINATION ARCHIVES AND RESEARCH CENTER ("AARC") is a Virginia nonprofit corporation exempt from taxation under 26 U.S.C. § 501 (c)(3) that acquires, maintains, and disseminates information on political assassinations.

8. The AARC is a representative of the news media that also promotes scholarly research and education in the area of political assassinations.

## JURISDICTION AND PARTIES

9. Plaintiffs bring this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"); the Privacy Act, 5 U.S.C. § 552a ("PA"); and the Declaratory Judgment Act, 28 U.S. C. § 2201, et seq. ("DJA").

10. Defendant CIA is an agency of the United States and has possession and control over information and records requested by Plaintiffs that are the subject of this action.

## COUNT I – FOIA REQUEST

11. Plaintiffs incorporate and reallege the allegations set forth in paragraphs 1 through 10 above.

12. By a certified letter dated May 2, 2017, and mailed on May 3, 2017, counsel for Plaintiffs submitted a request under the FOIA and the PA to the defendant CIA. Their request sought:

   A.   All "201" files, records, information, or materials, including "soft files," pertaining to Dan L. Hardway, Edwin Lopez, and/or G. Robert Blakey. This includes, but is not limited to, covert, as well as overt, 201 files and counterintelligence files, records, information or materials related to or referring to Dan L. Hardway, Ed Lopez and/or G. Robert Blakey.

   B.  All "P" files, records, information or materials, including, but not limited to "soft" files, related to or referring to Dan Hardway, Ed Lopez, and/or G. Robert Blakey.

   C.   Any and all files, records, information or materials of the Office of Security related to or referring to Dan L. Hardway, Ed Lopez and/or G. Robert Blakey.

3

D. Any and all files, records. information or materials related or referring to surveillance of Dan L. Hardway, Ed Lopez and/or G. Robert Blakey, wherever that surveillance may have occurred, including, but not limited to, Mexico, Cuba and the United States and including both surveillance conducted by or on behalf of the Central Intelligence Agency or any other agency of the United States, or any agency of any foreign country, and reported to the Central Intelligence Agency, including, but not limited to, surveillance of any interaction between Dan L. Hardway, Ed Lopez Gaeton Fonzi, and/or G. Robert Blakey, and members or representatives of the Cuban Interest Section, or other representatives of the Cuban government. "Surveillance" includes all forms of surveillance, encompassing but not limited to electronic, telephonic, mechanical, digital, movie film, video, tape recording and physical observation.

E. Any and all files, records, information or materials generated in, relating to or referencing the years 1976 through 1979 between the CIA and any representative of a foreign government, including but not limited to a foreign government's intelligence, counterintelligence, law enforcement, judicial or police authorities, or a representative of any foreign news interest that (a) relate to or reference Dan L. Hardway, Ed Lopez and/or G. Robert Blakey, or (b) relate to or reference any activity of the HSCA and any staff member of the HSCA, including but not limited to Dan L. Hardway, Ed Lopez and/or G. Robert Blakey, including but not limited to HSCA staff trips to, and activities while in, Mexico and Cuba.

F. Any and all psychological profiles of, about, on, by, or referring to Dan L. Hardway, Ed Lopez, Gaeton Fonzi, and/or G. Robert Blakey, including any and all files, records, information and materials pertaining to any dissemination thereof.

G. Any and all operational files, non-operational files, records, information or materials, including but not limited to Counterintelligence (CI) and autonomous operations, regarding operations aimed at, targeting, related to or referring to the HSCA and any member of the HSCA or its staff, including but not limited to Dan L. Hardway, Ed Lopez, Gaeton Fonzi, and/or G. Robert Blakey.

H. Copies of all search slips, search instructions, routing slips or routing forms, search memoranda, letters, telephone messages, emails or any other form of written or recorded communication in any format whatsoever regarding the searches conducted in response to this request or any other request for information responsive to requests denominated A through G above.

See Exhibit 1.

13. Defendant CIA received the May 2, 2017, FOIA request letter on May 10, 2017.  See Ex. 2.  No response to plaintiffs' request from the CIA has been received by plaintiffs as of the date of the filing of this Complaint.

14. Plaintiffs have constructively exhausted their administrative remedies.

15. Plaintiffs have a legal right under the FOIA to obtain the records they seek, and there is no legal basis for CIA's denial of said right.

COUNT II – PRIVACY ACT

16. Plaintiffs incorporate and reallege the allegations set forth in paragraphs 1 through 10 and paragraphs 12 through 14 above.

17. Plaintiffs HARDWAY, LOPEZ, and BLAKEY's request, by letter from their counsel dated May 2, 2017, was a request for access to information pertaining to themselves within the meaning of the PA. Plaintiffs included privacy waivers with their request under the PA.  See Ex. 1.

18.  Plaintiffs have exhausted their administrative remedies under the PA.

19. Plaintiffs have a legal right under the PA to obtain the records they seek and there is no legal basis for NARA and CIA's denial of said right.

WHEREFORE, plaintiffs pray that this Court:

1) order defendant to make the requested information promptly available to them;

2) order defendant to conduct a thorough search for all information, materials and records responsive to the items set forth in plaintiffs' May 2, 2017 request, including but not limited to any and all operational files, information and records, including but not limited to any records maintained under any code name, pseudonym, alias or cryptonym;

3) order defendant to provide plaintiffs an inventory listing and describing all information, records and materials responsive to the items set forth in plaintiffs' May 2, 2017 request;

4) order defendant to provide plaintiffs an index correlated to the inventory of responsive documents and justifying any withheld documents or portions of documents;

5) order that any materials found by this Court to be exempt from disclosure be preserved by the CIA until further order of this Court authorizes their destruction or release;

6) expedite this action in every way pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1657;

7) order that plaintiffs be allowed to undertake discovery; that the Court examine certain records in camera; and/or that the Court appoint a magistrate or master;

8) award plaintiffs' attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and the Equal Access to Justice Act, 28 U.S.C. § 2412; and

8) order such other and further relief as may be warranted.

        Respectfully submitted,

        /s/ James H. Lesar

        _____
        James H. Lesar #114413
        930 Wayne Ave., Unit 1111
        Silver Spring, MD 20910
        Phone: (301) 328-5920
        Counsel for Plaintiff

        /s/ Dan L. Hardway

        _____
        Dan L. Hardway #WV0001
        PO Box 625
        Cowen, WV 26206
        Phone (919) 639-7145
        Counsel for Plaintiff

Dated:  July 19, 2017